# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN

**ANTONIO D. JOHNSON,**
       **Plaintiff,**

     **v.**                             **Case No. 06-C-661**

**PHIL KINGSTON,**
**LT. HOLM, SGT. BEASLEY**
**and C.O. COLE SMITH,**
          **Defendants.**

## DECISION AND ORDER

Plaintiff Antonio Johnson, who is presently incarcerated at the Waupun Correctional Institution (WCI), lodged a pro se civil rights complaint under 42 U.S.C. § 1983. This matter comes before the court on the plaintiff's petition to proceed in forma pauperis and his "Motion for the Appointment of Counsel."

### I. In Forma Pauperis

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. § 1915(b)(1). If a prisoner does not have the money to pay the filing fee, he can request leave to proceed in forma pauperis. To proceed with an action in forma pauperis, the prisoner must complete a petition and affidavit to proceed in forma pauperis and return it to the court with a certified copy of the prisoner's trust account statement showing transactions for the prior six months. The court then assesses and, when funds exist, collects from the plaintiff at the time the action is filed an initial partial filing fee of 20% of

the average monthly deposits to or the average monthly balance in the prisoner's trust account for the six-month period immediately preceding the filing of the complaint.

In this case, the plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint. The prisoner has paid an initial partial filing fee of $25.01.

## II. Screening

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989); Hutchinson ex rel. Baker v. Spink, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." Lindell v. McCallum, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set

2

of facts in support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of Rex Hosp., 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

To state a claim for relief under 42 U.S.C. § 1983, plaintiff must allege: 1) that he was deprived of a right secured by the Constitution or laws of the United States, and 2) that the deprivation was visited upon him by a person acting under color of state law.  Gomez v. Toledo, 446 U.S. 635, 640 (1980).  The court is obliged to give the plaintiff's pro se allegations, however inartfully pleaded, a liberal construction.  See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must include only "a short and plain statement of the claim showing that the pleader is entitled to relief."  This statement must simply "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002) (quoting Conley, 355 U.S. at 47); see also Thomson v. Washington, 362 F.3d 969, 970-71 (7th Cir. 2004) (no heightened pleading requirement for pro se prisoner civil rights complaint).  Of course, if a complaint pleads facts that show that a plaintiff does not have a claim, the complaint should be dismissed "without further ado."  Thomson, 362 F.3d at 970.

Plaintiff's claims stem from his placement in "control segregation."  After he spit in the direction of defendant C.O. Smith, Smith informed plaintiff that he would receive a

3

conduct report. Plaintiff was then placed in a cell "naked without nothing but a hard black rubber mat." (Compl. ¶ 13.) Plaintiff asserts that there was "defication [sic] smeared across the back of the cell door" and "feces lodged inside the food trap, along the walls, etc." (Compl. ¶ 14.) According to the plaintiff, upon seeing the filthy cell, defendant Holm ordered an inmate, "the tier tender," to clean it and then plaintiff was taken to the shower. When he was returned to the cell, plaintiff noticed that there was "still defication [sic] lodged into the crack of the back of the door, on the floor at the back of the cell, and at various parts of the walls." (Compl. ¶ 15.) Plaintiff notified defendants Beasley and Russell and C.O. Larson (who is not named as a defendant) that the cell was not clean and asked to be placed into another cell. His request to be moved was denied on the ground that the shower in the only available cell was broken. Plaintiff challenges that explanation asserting that he was placed in the other cell the next day and saw that "NO work had been done to it." (Compl. ¶ 15.) His confinement in the unsanitary cell lasted 15½ hours.

Plaintiff filed this lawsuit against three officials at WCI who were allegedly involved in placing him in the control segregation cell and against Phil Kingston, the warden at WCI, because he rejected plaintiff's inmate complaint relating to the incident. He contends that his placement in the cell without a hearing violated his Eighth Amendment right to be free from cruel and unusual punishment and his Fourth Amendment right to due process of law.

**A.      Eighth Amendment**

To make out an Eighth Amendment claim based on prison conditions, an inmate must show that he has suffered an objectively, sufficiently serious injury, and that prison officials inflicted the injury with deliberate indifference. <u>Farmer v. Brennan</u>, 511 U.S. 825, 834 (1994). Only extreme deprivations will support an Eighth Amendment claim. <u>Delaney</u>

4

v. DeTella, 256 F.3d 679, 683 (7th Cir. 2001). Prison officials are deliberately indifferent to deprivations suffered by inmates if they have knowledge of the condition but refuse to take steps to correct it. Dixon v. Godinez, 114 F.3d 640, 645 (7th Cir. 1997).

There is no requirement that prison cells be comfortable or pleasant. See Morissette v. Peters, 45 F.3d 1119, 1122-23 n.6 (7th Cir. 1995) (plaintiff's confinement in "filthy" cell for nine days without adequate cleaning supplies did not violate Eighth Amendment); Harris v. Fleming, 839 F.2d 1232, 1235 (7th Cir. 1988) (no constitutional violation found where prisoner was deprived of toilet paper, soap, toothpaste and toothbrush while being kept in a filthy, roach infested cell for a period of several days). However, the Eighth Amendment grants prisoners a right to the "minimal civilized measure of life's necessities," Rhodes v. Chapman, 452 U.S. 337, 347, 69 L. Ed. 2d 59, 101 S. Ct. 2392 (1981), which includes the right to sanitary conditions. DeMallory v. Cullen, 855 F.2d 442, 445 (7th Cir. 1988).

Plaintiff claims that he suffered cruel and unusual punishment because he was kept in a feces-strewn cell for 15½ hours. "Not surprisingly, human waste has been considered particularly offensive so that 'courts have been especially cautious about condoning conditions that include an inmate's proximity to it.'" McBride v. Deer, 240 F.3d 1287, 1291-92 (10th Cir. 2001) (quoting Fruit v. Norris, 905 F.2d 1147, 1151 (8th Cir. 1990)). In Johnson v. Pelker, 891 F.2d 136, 140 (7th Cir. 1989), for instance, the court found a lack of running water in a segregation cell for three days actionable because the inmate was thus unable to clean cell walls smeared with human feces. See also Winston v. Kingston, No. 04-C-59, 2004 U.S. Dist. LEXIS 3930, * 8-10 (W.D. Wis. 2004) (finding that where the

5

walls of claimant's cell were "covered with blood and feces," it was not appropriate to dismiss the case prior to discovery).

It is not yet clear yet that the condition of plaintiff's cell was not unlawfully degrading, or that the defendants' attempt to have it cleaned was genuine or sufficient. Thus, looking at the alleged facts in the light most favorable to plaintiff, I find it inappropriate to dismiss this claim at this point as lacking any arguable basis in law.

**B.  Fourth Amendment**

Plaintiff also claims that his placement in controlled segregation without a hearing violated his right to procedural due process. To establish a procedural due process violation, a prisoner must demonstrate that the state deprived him of a liberty or property interest created either by state law or the Due Process Clause itself. See Sandin v. Connor, 515 U.S. 472, 483-84 (1995). "[T]oday, a prisoner's liberty interest, and incumbent entitlement to procedural due process protections, generally extends only to freedom from deprivations that 'impose[ ] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" Lekas v. Briley, 405 F.3d 602, 608 (7th Cir. 2005) (quoting Sandin, 515 U.S. at 483-84). "In the absence of such 'atypical and significant' deprivations, the procedural protections of the Due Process Clause will not be triggered." Lekas, 405 F.3d at 608.

Prisoners have no liberty interest in remaining in the general prison population. Sandin, 515 U.S. at 486. Further, discipline in segregated confinement does not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest. Id. at 485; see also Thomas v. Ramos, 130 F.3d 754, 760-62 (7th Cir.

6

1998) (prison inmate's 70-day confinement in disciplinary segregation was not "atypical and significant" deprivation of prisoner's liberty and thus did not implicate liberty interest protectable under due process clause; prisoner has no liberty interest in remaining in the general prison population).

Based on the above, the court finds that plaintiff's placement in control segregation for 15½ hours does not present the sort of atypical, significant deprivation which triggers the protections of the due process clause. Hence, plaintiff's procedural due process claim will be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim.

### III. Counsel

Plaintiff has moved for appointment of counsel. Although civil litigants do not have a constitutional or statutory right to counsel, this court has the discretion to request attorneys to represent indigents in appropriate cases pursuant to 28 U.S.C. § 1915(e)(1). Luttrell v. Nickel, 129 F.3d 933, 936 (7th Cir. 1997) (citing Zarnes v. Rhodes, 64 F.3d 285, 288 (7th Cir. 1995)). "As a threshold matter, litigants must make a reasonable attempt to secure private counsel." Zarnes, 64 F.3d at 288. Once this threshold burden has been met, the court must address the following question: given the difficulty of the case, does this plaintiff appear to be competent to try the case him or herself and, if not, would the presence of counsel likely make a difference in the outcome of the case. Id. (citing Farmer v. Haas, 990 F.2d 319, 322 (7th Cir. 1993)).

In the present case, plaintiff has not made a threshold showing that he has made a reasonable attempt to secure private counsel. As such, I will deny plaintiff's motion to appoint counsel without prejudice.

7

Therefore,

**IT IS ORDERED** that plaintiff's request to proceed in forma pauperis is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's due process claim is **DISMISSED** as lacking any arguable basis in law.

**IT IS ADDITIONALLY ORDERED** that the plaintiff's motion for the appointment of counsel is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $324.99 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ALSO ORDERED** that the United States Marshal shall serve a copy of the complaint, the summons, and this order upon the defendant pursuant to Federal Rule of Civil Procedure 4.

**IT IS FURTHER ORDERED** that defendants shall file a responsive pleading to the complaint.

**IT IS ALSO ORDERED** that a copies of this order be sent to the warden of the institution where the plaintiff is confined and to Corey F. Finkelmeyer, Assistant Attorney

8

General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

Plaintiff is hereby notified that he is required to send a copy of every paper or document filed with the court to the opposing parties or their attorney(s). Fed. R. Civ. P. 5(a). Plaintiff should also retain a personal copy of each document. If plaintiff does not have access to a photocopy machine, plaintiff may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to each defendant or to their attorney(s).

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk's Office of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin this 31 day of August, 2006.


/s_____
LYNN ADELMAN
District Judge

9