**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN**

ANTONIO D. JOHNSON,

                Plaintiff,

v.                                                         Case No. 06-C-661

WARDEN PHIL KINGSTON, LT. HOLM,
C.O. BEASLEY, and COLE SMITH,

                Defendants.

# ORDER

The plaintiff, Antonio Johnson, is proceeding *pro se* under 42 U.S.C. § 1983, claiming that his conditions of confinement violated the Eighth Amendment. The defendants have filed a motion for summary judgment, and the plaintiff has filed a cross-motion for summary judgment as well as a motion seeking reimbursement of the expenses he incurred in filing an earlier motion to compel.

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Summary judgment is required "if the pleadings, the discovery and disclosure materials on file, and any affidavits, show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The mere existence of some factual dispute does not defeat a summary judgment motion; "the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). For a dispute to be genuine, the evidence must be such that a "reasonable jury could

return a verdict for the nonmoving party." *Id.* For the fact to be material, it must relate to a dispute that "might affect the outcome of the suit." *Id.*

Although summary judgment is a useful tool for isolating and terminating factually unsupported claims, *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986), courts should act with caution in granting summary judgment, *Anderson*, 477 U.S. at 255. When the evidence presented shows a dispute over facts that might affect the outcome of the suit under governing law, summary judgment must be denied. *Id.* at 248.

The moving party bears the initial burden of demonstrating that he is entitled to judgment as a matter of law. *Celotex Corp.*, 477 U.S. at 323. Where the moving party seeks summary judgment on the ground that there is an absence of evidence to support the nonmoving party's case, the moving party may satisfy its initial burden simply by pointing out the absence of evidence. *Id.* at 325. Once the moving party's initial burden is met, the nonmoving party must "go beyond the pleadings" and designate specific facts to support each element of the cause of action, showing a genuine issue for trial. *Id.* at 323-24. Neither party may rest on mere allegations or denials in the pleadings, *Anderson*, 477 U.S. at 248, or upon conclusory statements in affidavits, *Palucki v. Sears, Roebuck & Co.*, 879 F.2d 1568, 1572 (1989). In evaluating a motion for summary judgment, the court must draw all inferences in a light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). However, it is "not required to draw every

conceivable inference from the record - only those inferences that are reasonable."
*Bank Leumi Le-Israel, B.M. v. Lee*, 928 F.2d 232, 236 (7th Cir. 1991).

## FACTS

The following facts are taken from the plaintiff's own affidavit, the affidavit of inmate worker Neil Brown, the defendants' proposed findings of fact and the plaintiff's response thereto.[1] *See* Civil Local Rule 56.2 (E.D. Wis.). The plaintiff was confined at the Waupun Correctional Institution (WCI) at all times relevant to this action. The defendants, all employees of the Wisconsin Department of Corrections at WCI, are WCI Warden Philip Kingston and three WCI correctional officers: Lieutenant William Holm, Sergeant Kelly Beasley and Officer Cole Smith.

On September 8, 2006, the plaintiff spit in the direction of defendant Officer Smith. (Plaintiff's Affidavit ¶ 7). According to the defendants, the plaintiff's spit struck Officer Smith in the forearm and trouser leg. (Defendants' Proposed Findings of Fact (DPFOF) ¶ 7). According to the plaintiff, the spit completely missed Officer Smith. (Plaintiff's Response to DPFOF ¶ 7). In response, defendant Beasley placed the plaintiff in control segregation cell A-225 at 6:30 p.m. on September 8, 2005. (DPFOF ¶ 19). According to the plaintiff, he was placed in controlled segregation almost an hour after the spitting incident, when he was "totally compliant" and calm. (Pl. Aff. ¶¶ 10, 12). Before being taken to the segregation cell, the plaintiff was told to remove his clothes. (Pl. Aff. ¶¶ 10). The plaintiff was

---
[1] The plaintiff did not submit his own proposed findings of fact as permitted by Civil Local Rule 56.2(b).

-3-

placed naked inside the segregation cell with nothing but a hard black rubber mat, and without the items described in Wis. Admin Code §§ DOC 303.71(2) and (3),[2] although he had calmed down and was "compliant and almost cheerful." (Pl. Aff. ¶¶ 12-13). According to the defendants, the plaintiff was placed in controlled segregation without clothing due to his unpredictable and disruptive behavior, and was denied clothing when he requested it because defendant Holm was concerned about the plaintiff harming himself. (DPFOF ¶¶ 29-30).

When the plaintiff was placed in the segregation cell, feces were smeared on the cell walls, in a food trap and on the back of the door in the cell. (Pl. Aff. ¶ 14). Inmate worker Neil Brown heard defendant Holm discussing a plan to place the plaintiff into the segregation cell and informed defendant Beasley that cell A-225 was covered in feces, but was not instructed to complete cleaning the cell until after the plaintiff complained to defendants Holm and Beasley. (Brown Affidavit ¶¶ 6-8). After the plaintiff notified Officer Holm of the condition of the cell, he was taken out of the cell and placed in the shower while an inmate worker was ordered to clean the cell. (Pl. Aff. ¶¶ 14-15). Inmate worker Brown then attempted to clean the cell, but was not provided with all of the cleaning equipment, such as a high pressure spray hose,

---

[2] Wis. Admin Code §§ DOC 303.71 (2) and (3) provide:

> (2) CONDITIONS. The institution shall provide inmates in controlled segregation the following: clean mattress, sufficient light to read by for at least 12 hours per day, sanitary toilet and sink and adequate ventilation and heating.
> (3) NECESSITIES. The institution shall provide the following for each inmate in controlled segregation: adequate clothing, essential hygiene supplies, and nutritionally adequate meals. While an inmate is acting in a disruptive manner, the institution shall maintain close control of all property.

-4-

that is normally provided when cleaning cells that have been contaminated with human feces. (Brown Aff. ¶ 8).

When the plaintiff was returned to the cell, there was still excrement in the crack of the back door, on the floor at the back of the cell and on various spots on the wall. (Pl. Aff. ¶ 15). The plaintiff notified defendant Beasley and two other officers who are not named as defendants of the condition of the cell but he was told that he could not be moved because the only other available cell had a broken shower. (Pl. Aff. ¶ 15). The plaintiff believes this was a bogus excuse, as the plaintiff was moved to the other cell the following day and discovered that nothing was wrong with it even though no work had been done on it, and because he would not have been showering in the cell anyway. (Pl. Aff. ¶ 15-16). The plaintiff later complained about the conditions in the cell to a third shift officer, who is not named as a defendant, but was told that the third shift could not move him. (Pl. Aff. ¶ 16). The plaintiff then remained in the dirty cell overnight, without any clothing or other necessities, spending a total of 15.5 hours in those conditions. (Pl. Aff.¶ 16).

Defendant Warden Kingston had no personal involvement related to the plaintiff's placement in controlled segregation other than reviewing the plaintiff's offender complaint regarding the matter several months later. (DPFOF ¶ 49). Defendant Smith had no personal involvement in the plaintiff's transfer to controlled

-5-

segregation and was unaware of the plaintiff's complaints regarding the unsanitary conditions there until after the plaintiff filed this case. (DPFOF ¶¶ 17-18).[3]

**ANALYSIS**

The defendants argue that they are entitled to summary judgment because defendants Kingston and Smith were not personally involved in placing the plaintiff in the segregation cell, and because defendants Holm and Beasley did not act with deliberate indifference in placing the plaintiff in the segregation cell.

The plaintiff responds that there is a material factual dispute as to whether defendants Beasley, Holm, and Smith deliberately placed him in an unsanitary cell.

In reply, the defendants argue that defendant Kingston is entitled to summary judgment because the plaintiff did not respond to the argument that defendant Kingston was not personally involved, and did not dispute any of the proposed findings of fact supporting this argument. The defendants also reiterate that the plaintiff has not supplied any evidence supporting his allegation that defendant Smith was aware of the cell conditions, and note that the plaintiff did not dispute that defendant Smith was not personally involved in transferring the plaintiff to the cell. The defendants contend that defendant Holm is entitled to summary judgment because the plaintiff's own affidavit establishes that defendant Holm had the cell door cleaned after the plaintiff initially notified him of the unsanitary conditions and

---

[3]The plaintiff does not dispute that defendant Smith had no personal involvement in the transfer, but claims that defendant Smith was aware of the cell conditions "at least as soon as [plaintiff] was placed in his cell." (Plaintiff's Response to DPFOF, Response to No. 18). However, while the plaintiff cites his own affidavit and the affidavit of Neil Brown in support of this claim, neither affidavit states that defendant Smith had any knowledge of the cell conditions.

-6-

that the plaintiff did not notify defendant Holm of additional feces in the cell after it was cleaned. The defendants acknowledge a factual dispute regarding defendant Beasley's awareness of the cell conditions, but argue that she is still entitled to summary judgment because as a matter of law the plaintiff suffered at most temporary neglect and not cruel and unusual punishment.

To make out an Eighth Amendment claim based on prison conditions, an inmate must show that he has suffered an objectively, sufficiently serious injury, and that prison officials inflicted the injury with deliberate indifference. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Only extreme deprivations will support an Eighth Amendment claim. *Delaney v. DeTella*, 256 F.3d 679, 683 (7th Cir. 2001). Prison officials are deliberately indifferent to deprivations suffered by inmates if they have knowledge of the condition but refuse to take steps to correct it. *Dixon v. Godinez*, 114 F.3d 640, 645 (7th Cir. 1997).

There is no requirement that prison cells be comfortable or pleasant. *See Morissette v. Peters*, 45 F.3d 1119, 1122-23 n.6 (7th Cir. 1995) (plaintiff's confinement in "filthy" cell for nine days without adequate cleaning supplies did not violate Eighth Amendment); *Harris v. Fleming*, 839 F.2d 1232, 1235 (7th Cir. 1988) (no constitutional violation found where prisoner was deprived of toilet paper, soap, toothpaste and toothbrush while being kept in a filthy, roach infested cell for a period of several days). However, the Eighth Amendment grants prisoners a right to the "minimal civilized measure of life's necessities," *Rhodes v. Chapman*, 452 U.S. 337,

-7-

347, 69 L. Ed. 2d 59, 101 S. Ct. 2392 (1981), which includes the right to sanitary conditions. *DeMallory v. Cullen*, 855 F.2d 442, 445 (7th Cir.1988).

The plaintiff claims that he suffered cruel and unusual punishment because he was kept in a feces-strewn cell for 15½ hours. "Not surprisingly, human waste has been considered particularly offensive so that courts have been especially cautious about condoning conditions that include an inmate's proximity to it." *McBride v. Deer*, 240 F.3d 1287, 1291-92 (10th Cir. 2001) (quoting *Fruit v. Norris*, 905 F.2d 1147, 1151 (8th Cir. 1990)). In *Johnson v. Pelker*, 891 F.2d 136, 140 (7th Cir. 1989), for instance, the court found a lack of running water in a segregation cell for three days actionable because the inmate was thus unable to clean cell walls smeared with human feces. Here, the plaintiff was exposed to human waste for less than a day. Although no single factor is dispositive, "the length of exposure to the conditions is often of prime importance." *DeSpain v. Uphoff*, 264 F. 3d 965 (10th Cir. 2001) (holding that exposure to human waste for 36 hours due to flooding conditions was a sufficiently serious deprivation to violate the Eighth Amendment).

In this case, however, while the duration of exposure to human waste is comparatively brief, it is aggravated by the plaintiff's lack of clothing or blankets, as "clothing is a basic necessity of human existence." *Maxwell v. Mason* 668 F.2d 361, 365 (8th Cir. 1981) (holding that confinement in isolation without adequate clothing or bedding supports an Eighth Amendment claim). In *Gillis v. Litscher*, the Seventh Circuit held that a Wisconsin prisoner's Eighth Amendment claims survived summary

-8-

judgment where he was "stripped naked in a small prison cell .. [and] forced to sleep on a concrete floor or slab" among other deprivations. 468 F.3d 488, 489 (7th Cir. 2006). Comparing those conditions to "a stay at a Soviet gulag in the 1930's," the *Litscher* court also noted that the complete denial of clothing is important, distinguishing a case where a prisoner "was allowed one pair of undershorts - which, while probably not significant as to warmth, is significant as to dignity." *Id.* at 489, 494. Resolving all factual disputes here in the plaintiff's favor for purposes of summary judgment, it appears that he was kept overnight, naked, without bedding or a mattress (other than a "hard black rubber mat"), in a cell significantly contaminated by human feces. The court finds that these conditions, if in fact proven to be as severe as depicted by the plaintiff, may constitute an objectively serious injury. Because of the competing facts and inferences regarding the actual cell conditions in this case, summary judgment does not allow a determination of whether the plaintiff here was denied the "minimum civilized measure of life's necessities." *Id.*; *See also*, *Porth v. Farrier*, 934 F.2d 154, 157-58 (8th Cir. 1991) (it is for the jury to consider all of the surrounding circumstances and evaluate whether depriving a prisoner of clothing, bedding, and a mattress for twelve hours was "so inhumane, base, or barbaric so as to shock the sensibilities.").

Having found that plaintiff has brought forth evidence upon which a reasonable jury could determine that he suffered a serious deprivation, the court turns to the second prong - whether the prison officials acted with deliberate

-9-

indifference. Deliberate indifference is a subjective factor, requiring facts which indicate not only the conduct but also the attitude of prison authorities. *See Helling v. McKinney*, 509 U.S. 25 (1993). An inmate challenging a condition of his confinement under the Eighth Amendment must show that a prison official "knows of and disregards an excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 837. This requires direct, personal involvement under *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). "Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation." *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996). Moreover, the doctrine of *respondeat superior* (supervisory liability) does not apply to actions filed under 42 U.S.C. § 1983. *See Pacelli v. DeVito*, 972 F.2d 871, 877 (7th Cir. 1992). Section 1983 does not create collective or vicarious responsibility. *Id.*

In this case, it is undisputed that defendants Kingston and Smith were not involved in transferring the plaintiff or in denying clothing to the plaintiff. Accordingly, defendant Kingston and defendant Smith will be dismissed, as there is no genuine material dispute that neither defendant had any personal involvement in transferring the plaintiff to the controlled segregation cell.

With regard to defendant Beasley and defendant Holm, it is undisputed that both were directly involved in transferring the plaintiff to the controlled segregation cell, but their awareness of the cell's conditions and the steps they took to remedy

the situation are in dispute. The plaintiff supplies affidavits that, if believed by a jury, could establish that these two defendants were aware that the cell was heavily contaminated with human waste, but chose to place and keep the defendant in the contaminated cell completely naked, without even underwear or a paper gown, to punish him for his earlier act in spitting in the direction of another correctional officer. Furthermore, if accepted by a jury, these affidavits suggest that these defendants made only a token effort to have the cell cleaned after the plaintiff complained about the excrement smeared throughout the cell, by directing an inmate worker to clean the cell without the normal equipment, and then returned the plaintiff to the cell, and gave a false reason for refusing to move him to another cell that was available. The plaintiff's affidavits are contested by the defendants' own explanation that clothing was withheld due to the plaintiff's agitation and that they did not knowingly subject the plaintiff to human waste. These disputed facts preclude entry of summary judgment for defendant Beasley and defendant Holm, especially in view of the possibility that a jury might infer from the circumstances that they were aware of the cell conditions. *See Vinning-El v. Long*, 482 F. 3d 923, 925 (7th Cir. 2007) ("Given the conditions Vinning-El describes - a floor covered with water, a broken toilet, feces and blood smeared along the wall, and no mattress to sleep on - a reasonable jury could infer that prison guards working in the vicinity necessarily would have known about the condition of the segregation cells.").

Accordingly, the defendants' motion for summary judgment is granted as to defendants Kingston and Smith, who are dismissed due to lack of personal involvement, but denied as to defendants Beasley and Holm, due to material disputed facts.

**PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT**

In his cross-motion for summary judgment, the plaintiff argues that he is entitled to summary judgment against defendant Holm because the undisputed facts show that defendant Holm deliberately and knowingly placed Johnson in a segregation control cell with no clothing, bedding, hygiene items or other basic life necessities.

The defendants respond that the plaintiff's motion is untimely because it was filed on February 8, 2008, after the dispositive motion deadline of January 16, 2008, and that it should be also denied because the plaintiff attempts to litigate a new claim. The defendants argue that the plaintiff was permitted to proceed on an Eighth Amendment claim that he was kept in a feces-strewn cell, and that plaintiff's cross-motion impermissibly attempts to litigate a second Eighth Amendment claim that his rights were violated by the denial of clothing and blankets while in the cell. Finally, defendants contend that the facts show the plaintiff was placed in controlled segregation without clothes for his own protection and that the plaintiff faced no risk of serious harm due to the deprivation as he only remained without clothes for approximately 15 hours.

The plaintiff replies that the timing of his cross-motion for summary judgment is irrelevant as he is entitled to it due to the lack of material facts in dispute, and because the court has the power to *sua sponte* grant summary judgment to a non-movant where there has been a motion for summary judgment, but no cross-motion. The plaintiff also notes that his complaint was based in part upon the denial of clothing and other basic life necessities.

Regardless of the timeliness of the plaintiff's cross-motion for summary judgment, relevant material factual disputes preclude the entry of summary judgment as to defendant Holm. Specifically, the parties dispute whether the plaintiff's behavior justified withholding clothes and hygiene items. Defendant Holm states that the plaintiff was placed in controlled segregation without clothing "due to his unpredictable and disruptive behavior" and that he later denied clothing to the plaintiff "because I was concerned about him harming himself." (Holm Aff. ¶¶ 16, 18). The plaintiff contends that although he was "calm" and "totally compliant," he was taken to the strip cage and asked to remove his clothes. The parties also dispute whether defendant Holm knew of the segregation cell's condition, and whether he took genuine steps to remedy the conditions. The parties agree that defendant Holm ordered an inmate worker to clean the cell after the plaintiff complained, but the inmate worker states that he was not provided with the normal cleaning equipment, such as a high-pressure hose. The plaintiff also contends that defendant Holm was aware of the cell's filthy condition before the plaintiff was placed

-13-

in the cell, as inmate worker Brown informed defendant Beasley that the cell was covered with feces when he heard defendant Holm discussing the planned placement of the plaintiff into the cell. Based upon these disputed facts, the plaintiff's motion for summary judgment is denied.

## PLAINTIFF'S MOTION FOR COSTS

On December 26, 2007, the plaintiff filed a motion for reimbursement of costs, requesting reimbursement for the costs he incurred in filing his October 2, 2007, motion to compel. The defendants respond by arguing that the court should deny the motion for costs because their objections to the discovery requests at issue were "substantially justified," because $4.83 in reimbursement for the cost of a typing ribbon is not a reasonable expense incurred in making a motion to compel, and because the money to pay $8.40 in copying costs and $6.84 in postage costs came from the plaintiff's legal loan.

A party which successfully brings a motion to compel discovery must be awarded "the movant's reasonable expenses in making the motion," unless: (1) the motion was filed without the moving party first attempting in good faith to obtain the discovery without court action; (2) the opposing party's nondisclosure was "substantially justified"; or (3) "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A). Rule 37(a)(5)(A) further provides that reasonable expenses shall be paid only after affording the party whose conduct necessitated the motion an opportunity to be heard.

-14-

In the present case, the court finds that the defendants' position objecting to discovery was not substantially justified. *See* Order of November 29, 2007, at 6 ("in the absence of any meritorious objection, the defendants will be compelled to answer interrogatory No. 3") and at 7 ("Clearly, information concerning who requested that plaintiff be placed in control segregation is relevant to the issue of which defendants were personally involved in the alleged constitutional violation. Therefore, the defendants will be compelled to answer interrogatory No. 5.").

The court also finds that the amounts requested for photocopies, postage, and a typing ribbon are reasonably incurred. *See Harkins v. Riverboat Servs.*, 286 F.Supp. 2d 976, 982 (N.D. Ill. 2003) (copy fees between $0.10 and $0.20 per page are reasonable for purposes of taxing costs pursuant to 28 U.S.C. § 1920); *Eli Lilly & Co. v. Zenith Goldline Pharms.*, 264 F.Supp.2d 753, 779 (S.D. Ind. 2003) (prevailing party entitled to reasonably necessary postage expenses under 28 U.S.C. § 1920); *Burt v. Hennessey*, 929 F.2d 457, 459 (9th Cir. 1991) (*pro se* litigant who prevailed on Section 1983 claim entitled to recover costs of secretarial services).

Accordingly,

**IT IS ORDERED** that the defendants' motion for summary judgment (Doc. #42) is **GRANTED** in part and **DENIED** in part.

**IT IS FURTHER ORDERED** that defendants Warden Phil Kingston and Cole Smith are hereby **DISMISSED** from this action.

-15-

Case 2:06-cv-00661-JPS   Filed 09/09/08   Page 15 of 16   Document 72

**IT IS FURTHER ORDERED** that the plaintiff's cross-motion for summary judgment (Doc. #60) is **DENIED** due to material factual disputes.

**IT IS FURTHER ORDERED** that the plaintiff's motion for reimbursement of cost (Doc. #56) is **GRANTED** and the defendants shall pay the plaintiff $20.07 as reimbursement for the costs he incurred in filing his October 2, 2007, motion to compel.

Dated at Milwaukee, Wisconsin, this 9th day of September, 2008.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge